## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**NAVASHIA AKINS**                                                    **PLAINTIFF**

v.                          **No. 4:25-cv-887-DPM**

**STATE FARM MUTUAL AUTOMOBILE**              **DEFENDANTS**
**INSURANCE COMPANY**

### PROTECTIVE ORDER

1.      This Agreed Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2.      This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in this material.   Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production. The Confidential Material shall include the following:

a.  Any and all documents referring or related to Defendants' confidential and proprietary human resources or business information; financial records of the parties; and compensation of Defendants' current and former personnel;

**b.** Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Confidential.

**c.** Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations. Examples of these data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded for Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

**d.** Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

**3.** To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL." Parties shall submit confidential discovery

- 2 -

responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and those copies shall become subject to the same protections as the Confidential Material from which those copies were made.

a. Information on a disk or other electronic format (*e.g.*, a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of this electronic material with the corresponding legend contained on the original and those copies shall become subject to the same protections as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the fifteen-business-day period for

designation.   Designations of transcripts will apply to audio, video, or other recordings of the testimony.   During this fifteen-business-day period, the entire transcript shall receive confidential treatment. Upon this designation, the court reporter and each party shall affix the "CONFIDENTIAL" legend to the designated pages and segregate them as appropriate.

4.     Any Confidential Material and the information contained therein shall be disclosed only to the following individuals.

a. The Court and its staff in this case and in any appeal therefrom;

b. The names parties in this litigation, including officers and representatives of corporate parties;

c. Counsel for record for the parties in this case, including in-house counsel responsible for the litigation;

d. Partners, associates, secretaries, paralegals, and other personnel employed or retained by or working under the supervision of that counsel who are actively engaged in assisting that counsel in this action;

e. Outside consultants and expert witnesses, whether designated as trial witnesses or not, employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

**f.** Any other person or entity as to whom counsel for the producer or provider of the Confidential Material agree in writing or on the record, or whom the Court directs shall have access to this information;   and

**g.** During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of that document prior to its production in this action.

5.    Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation.   If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

6.    Each counsel shall be responsible for providing notice of the Agreed Protective Order and the terms therein to persons to whom they disclose "Confidential Material," as defined by the terms of this Agreed Protective Order.

7.    Persons to whom confidential information is shown shall be informed of the terms of this Agreed Protective Order and advised that

a party who breaches same may be punished or sanctioned as contempt of the Court. These deponents may be shown Confidential Material during their deposition but shall not be permitted to keep copies of this Confidential Material nor any portion of the deposition transcript reflecting the Confidential Material.

8.     Counsel must confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

9.     Designation of a document as "Confidential" does not, standing alone, justify filing the document under seal. Instead, the

- 6 -

parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal.   If redaction is impracticable, a party must move for permission to file any information designated as "Confidential," and any related motion, brief, or paper containing that material, under seal.   The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

10.   No copies of Confidential Material shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action.   Any person making copies of this information shall maintain all copies within their possession or the possession of those entitled to access this information under the Protective Order.

11.   All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

12.   Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

13.   Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

14.   This Order will remain in effect for one year after litigation ends, including any appeal.   Thereafter, the obligations imposed shall

- 7 -

continue but shall be solely a matter of contract between the parties. Counsel for the parties shall be permitted to retain Confidential Material in their files, subject to this Order.

So Ordered.

D.P. Marshall Jr.
United States District Judge

15 January 2026

# EXHIBIT 1 – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges receipt of that certain Protective Order entered in Case No. 4:25-cv-887-DPM, *Navashia Akins v. State Farm Mutual Automobile Insurance Company*, United States District Court for the Eastern District of Arkansas, Central Division.

I have reviewed that Protective Order and hereby agree to be bound by the terms thereof.

Date:_____

By:    _____